**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 11-20040-01-WPJ |
| v. | ) | |
| | ) | CIVIL ACTION |
| STEVEN CARMICHAEL WARREN, | ) | No. 14-2536-WPJ |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Defendant pled guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). On April 30, 2012, the Court sentenced defendant to 300 months in prison. This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #48) filed October 22, 2014. Having reviewed defendant's motion and supporting memorandum, the Court finds that defendant's motion should be denied.

**Factual Background**

On September 6, 2012, a grand jury returned an indictment which charged defendant with carrying a firearm during and in relation to and in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (Count 1), armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count 2), and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and (e) (Count 3). Defendant pled guilty to Count 2.[1]

Defendant's total offense level was 31, with a criminal history category VI, resulting in a range of 188 to 235 months in prison under the United States Sentencing Guidelines. <u>See</u>

---

[1] As part of the plea agreement, the government agreed to recommend that the Court dismiss Counts 1 and 3.

Presentence Investigation Report ("PSR") (Doc. #20) filed February 2, 2012.[2] The government asked for an upward variance to 300 months in prison, the statutory maximum under Count 2. The Court granted the government request and sentenced defendant to 300 months in prison. The Court imposed an upward variance primarily because (1) the guideline range did not consider that, as part of the plea, the government agreed to dismiss the Section 924(c) charge which carried a statutory minimum sentence of 300 months,[3] (2) the guideline range did not adequately reflect the need to protect the public from defendant, (3) defendant had spent most of his time (87 percent) over the last 29 years either facing charges or serving a sentence of some kind, (4) in 1998, defendant had committed strikingly similar conduct to the instant offense when he pointed a loaded handgun at multiple bank employees, (5) despite serving a sentence of 160 months for bank robbery, defendant committed the instant bank robbery some 12 months after he was released from custody, and (6) defendant's prior convictions provided overwhelming evidence that he was a violent person. Transcript Of Plea And Sentencing Proceedings (Doc. #37) at 59-60, 69, 71, 76, 82-84.

On appeal, defendant challenged the procedural reasonableness of his sentence. He argued

---

[2] Defendant received an enhancement under the career offender provision of the Guidelines based on his prior convictions for sale of phencyclidine (PCP) and bank robbery. See PSR (Doc. #20) ¶¶ 46, 52; U.S.S.G. § 4B1.1.

[3] Although the government agreed to recommend to dismiss the Section 924(c) charge, defendant essentially admitted to all the facts which would establish the elements of a Section 924(c) offense. In particular, as part of the plea agreement and at the plea colloquy, defendant admitted that he pointed a handgun at the bank teller during the robbery. See Non-Cooperation Plea Agreement (Doc. #14) filed October 27, 2011, ¶ 2. Because defendant had a prior Section 924(c) conviction, he would have been subject to a statutory minimum of 300 months in prison had he pled guilty to a Section 924(c) offense in the instant case. In addition, if he had been convicted of both bank robbery (Count 2) and the Section 924(c) offense (Count 1), the statutory minimum sentence of 300 months on the Section 924(c) offense by statute would have run consecutive to any sentence on the bank robbery offense.

that he disputed the factual accuracy of statements in the PSR and that the Court erred by increasing his sentence after assuming the truth of those disputed statements. United States v. Warren, 737 F.3d 1278, 1280 (10th Cir. 2013). Because defendant did not raise his argument in the district court, the Tenth Circuit reviewed only for plain error. The Tenth Circuit found no error because defendant did not "dispute" the PSR so as to prevent the court from assuming the truth of its contents and even if he had done so, the court did not rely on the sections at issue and instead considered other factors under 18 U.S.C. § 3553 in determining that a higher sentence was appropriate. Id.

Mark A. Thomason represented defendant throughout the district court proceedings. Jill M. Wichlens represented defendant on appeal.

On October 21, 2014, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. Defendant's motion raises multiple claims related to the validity of the Court's upward variance under Section 3553. In particular, defendant argues that Mr. Thomason provided ineffective assistance because (1) he did not object to the timeliness of the government's request for an upward variance or the Court's notice of intent to vary upward, (2) he did not ask for an evidentiary hearing on the issue of a variance, (3) he did not object that the Court used the same criminal conduct to both enhance defendant's offense level under the Guidelines and impose an upward variance, (4) he did not object to the adequacy of the Court's explanation for varying upward, and (5) he did not argue that the government's request for an upward variance constituted a breach of the plea agreement. See Motion Under 28 U.S.C. § 2255 (Doc. #48) at 16-22.[4] Defendant also argues that Ms. Wichlens provided ineffective assistance on appeal for failing to

---

[4] In his motion, defendant raises three overlapping claims and two sub-claims. The Court liberally construes defendant's motion and supporting memorandum as asserting the above five claims.

raise these same issues.

## Analysis

To establish ineffective assistance of counsel, defendant must show that (1) counsel's performance was deficient and (2) counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988). To satisfy the second element, i.e. counsel's performance was prejudicial, defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

**I.    Claim 1 - Failure To Object To Timeliness Of Government Request For Upward Variance And Court Notice Of Intent To Vary Upward**

Defendant argues that counsel provided ineffective assistance because he did not object to the timeliness of the government's request for a variance or the Court's notice of its intent to vary upward. Motion Under 28 U.S.C. § 2255 (Doc. #48) at 16. Under Rule 32(h) of the Federal Rules of Criminal Procedure, "[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." Fed. R. Crim. P. 32(h). Here, the Court varied upward to 300 months, which was

65 months above the high end of the guideline range (188 to 235 months). Rule 32(h), however, applies to departures, not variances from the applicable Guidelines range. See Irizarry v. United States, 553 U.S. 708, 713 (2008) (Rule 32(h) by its terms does not apply to variances under Section 3553). Even if Rule 32(h) applied to variances, counsel had no basis to object to the timeliness of the government's request or the Court's notice that it intended to vary upward. Some 13 days before sentencing, the government asked for an upward variance to 300 months based primarily on defendant's "long, varied, and violent criminal history." Government's Response To Defendant's Sentencing Memorandum (Doc. #23) filed April 17, 2012 at 12. Defendant has not alleged facts to show that counsel's failure to object to the timeliness of the government's request for variance or the Court's notice of intent to vary upward was deficient or prejudicial.

**II.     Claim 2 - Failure To Ask For Evidentiary Hearing On Variance**

Defendant contends that counsel should have sought a continuance of sentencing so that the Court could hold an evidentiary hearing on the issue of a variance. Motion Under 28 U.S.C. § 2255 (Doc. #48) at 16. Defendant does not allege what specific evidence that he would have presented at the hearing or how any such evidence would have impacted his sentence. As he did on direct appeal, defendant primarily objects that he was not actually convicted of many of the charged offenses noted in the PSR. Defendant has not shown that counsel had any factual basis to ask for an evidentiary hearing to challenge the factual accuracy of the charged offenses.

Even if defendant could somehow show that counsel's performance was deficient in failing to ask for an evidentiary hearing, he cannot show prejudice. The Court would have overruled a request for an evidentiary hearing on the accuracy of the charged offenses in which defendant was not convicted. As explained at sentencing, even if the Court disregarded the fact that defendant was

charged in those cases, the Court would have imposed the same sentence. See Transcript Of Plea And Sentencing Proceedings (Doc. #37) at 82 (even if other criminal conduct disregarded, still overwhelming evidence based on defendant's convictions that demonstrate defendant is violent person). Defendant therefore cannot show that counsel's failure to ask for an evidentiary hearing on the issue was prejudicial.

Defendant claims that at sentencing or a separate hearing, counsel should have argued that the Court should not consider the charged offenses noted in the PSR because they did not result in convictions. See id. at 17, 19. At sentencing, counsel made a lengthy argument in this regard. Mr. Thomason stated in part as follows:

> The difficulty that we have in terms of the uncharged criminal conduct, your Honor, quite frankly, is that when you place conduct in presentence reports it can lead somebody to draw conclusions without knowing the true facts of the case. And this leads into the objection, Judge, that we have about the other criminal conduct. There are some 20 paragraphs of conduct, that is, cases where the defendant was either charged and they were dismissed, not prosecuted, or he actually asserted his rights, went to trial, and received a not-guilty verdict. It cuts at the very core of what I consider our system to be about, which is the presumption of innocence. The mere fact that they are included in any way shifts that from a presumption of innocence to a presumption of guilt. These are cases that were never prosecuted, and we're left to try to decide why they weren't. As the government pointed out, we don't contest that he may have been charged in cases or may have been arrested, but we wholeheartedly contest that the facts contained in this are correct.
>
> * * *
>
> And without having any ability to test the veracity of what those statements are, in fact, what we are really left with is that you could draw the conclusion that all those statements are false because they weren't prosecuted or they weren't believed by a jury. It leads to a -- basically a point that you draw down the line that it shifts a presumption of innocence, and that's the part that really strikes at the core of this. Now, the government says, okay, if you set all that aside, Judge, what he has in his actual conduct should equate to give him a higher sentence, and that would be the same argument, your Honor. In those cases we're left with what basically is a police report, and without having any way to test the credibility of the people that made the statements, as the government pointed out, in some of those cases they were minor

charges that don't seem to match up with the facts. That means that, at least to me, that somebody looked at it and decided that wouldn't be how it should be charged, they should charge it this way, which leads to the credibility of it. And it really calls into question for purposes of sentencing how this conduct should be deemed by the court. At a bare minimum, your Honor, it really doesn't call for an upward departure in this case. . . . And with that there's no way to really make a proper assumption about whether they are true or not other than cases in which he actually was convicted. So we would ask the court not to consider any of the other criminal conduct in this case.

Transcript Of Plea And Sentencing Proceedings (Doc. #37) at 52-56. Counsel's argument on this issue was well within the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 689.

Even if defendant could show that counsel's argument was deficient in some aspect, he cannot establish prejudice. The Court explained the reasons for an upward variance without reference to defendant's "other criminal conduct" in the PSR. Warren, 737 F.3d at 1287 (sentence did not depend on "other criminal conduct" in PSR; district court also never made any affirmative finding that Warren had engaged in the "other criminal conduct" or that facts underlying his arrests were true). On direct appeal, the Tenth Circuit addressed a similar claim and found that defendant did not show that a remand for resentencing so that he could further explain these objections would result in a different sentence. In particular, the Tenth Circuit stated as follows:

> Even assuming the first two prongs of plain error, Warren cannot show that his rights have been substantially affected as required under prong three. Even if we assumed that Warren raised a sufficient factual objection to the accuracy of the PSR and assumed that the district court failed to comply with Rule 32(i)(3)(B), we still would see no reason to remand for resentencing – nothing suggests a different sentence would result. This is all the more true given the persuasive reasons the district court gave for its sentence, none of which depended on the specific facts underlying Warren's "other criminal conduct." First, the court discussed the significance of the dismissed § 924(c) charge under count one and the need to punish Warren for his second use of a gun during a crime of violence. Second, the court observed Warren had spent 87% of his last 29 years either facing charges or serving a sentence of some kind – a fact Warren all but admitted. Third, the court considered

> that Warren had committed "strikingly similar" conduct before when he had pointed
> a loaded handgun at multiple bank employees in connection with his first conviction
> for armed bank robbery. R. vol. 2, at 62. And fourth, from the court's perspective,
> Warren's prior convictions overwhelmingly demonstrated he was a violent person.
> These were all permissible considerations under 18 U.S.C. § 3553 and, contrary to
> Warren's argument, the sentence in this case did not depend on the "other criminal
> conduct" in the PSR. Indeed, the district court never made any affirmative finding
> that Warren had engaged in the "other criminal conduct" or that the facts underlying
> his arrests were true.

Warren, 737 F.3d at 1286-87. In light of the Tenth Circuit's ruling on direct appeal, defendant has not alleged sufficient facts to establish that counsel's failure to seek a continuance on the issue of a variance was deficient or prejudicial.

The Court overrules defendant's second claim for relief.

### III.   Claim 3 - Failure To Effectively Object To Double Counting Of Prior Convictions

Defendant argues that counsel provided ineffective assistance because he did not object that the Court double counted his prior convictions (for sale of PCP and bank robbery) as qualifying convictions under the career offender enhancement and also as conduct to justify an upward variance. See Motion Under 28 U.S.C. § 2255 (Doc. #48) at 18-21. Defendant has not alleged sufficient facts to establish that counsel's failure to object based on double counting was deficient or prejudicial.

"When a factor is already included in the calculation of the guidelines sentencing range, a judge who wishes to rely on that same factor to impose a sentence above or below the range must articulate specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the guidelines calculation." United States v. Atencio, 476 F.3d 1099, 1107 (10th Cir. 2007) (quoting United States v. Zapete-Garcia, 447 F.3d 57, 60 (1st Cir. 2006)), overruled in part on other grounds by Irizarry v. United States, 553 U.S. 708 (2008); see also United

States v. Williams, 517 F.3d 801, 809 (5th Cir. 2008) (Supreme Court in United States v. Booker, 543 U.S. 220 (2005) implicitly rejected position that no additional weight could be given to factors included in calculating applicable advisory Guidelines range since to do otherwise would essentially render Guidelines mandatory). Mr. Thomason raised this issue at sentencing as follows:

> The government is asking the court to impose the harshest sentence possible in this case, which is 25 years. The guidelines themselves calculate the base offense level in this case to be a Level 28 with a reduction of three levels for acceptance as a 25. The criminal history category of the defendant is 11 points, making it a Category 5. The guidelines give a range of 100 to 125 months. If the court finds that the defendant is a career offender and doesn't depart from the guidelines as requested by the defendant, the base offense level becomes 34 with three levels for reduction for acceptance of responsibility, and then it increases the criminal history to Category VI. That already takes into account all of his criminal conduct. . . .
>
> [T]he court has determined here a career offender guideline is applicable. That guideline in and of itself is an 88 percent increase of what the calculation of this crime would be if he was not a career offender. It's 135 percent increase from the low to the high end of the career offender guideline. That takes into account the criminal conduct of the defendant. In fact, it's that very conduct that hits the career offender status. We would sure ask the court not to go above that guideline based on the fact that we believe that that conduct is being considered for multiple purposes now and the government is, in essence, asking the court to increase the punishment some 175 to 200 percent above what the guidelines call for on convictions that are, most recently, 13 years old. . . . I understand, Judge, that this is a difficult case, but it's also a case, Judge, that I think at a bare minimum requires a guideline sentence in this case because that does take into account his history.

Transcript Of Plea And Sentencing Proceedings (Doc. #37) at 64-65.

As with his argument on conduct that did not result in convictions, counsel's argument on double counting was well within the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 689. Again, even if counsel's argument was somehow deficient, defendant cannot establish prejudice. The Court articulated specific reasons for imposing an upward variance and why defendant's particular situation was different than the ordinary one under the Guidelines. On direct appeal, the Tenth Circuit found that this Court relied on permissible considerations in

-9-

imposing the variance under Section 3553 and the sentence did not depend on the "other criminal conduct" outlined in the PSR. Warren, 737 F.3d at 1287. The Court therefore overrules defendant's claim that counsel provided ineffective assistance because he failed to object based on double counting of criminal conduct.[5]

Defendant also argues that counsel should have informed the Court that contrary to the government's characterization in its sentencing memorandum, he had never been charged nor convicted of "trafficking drugs." Motion Under 28 U.S.C. § 2255 (Doc. #48) at 18. Defendant does not dispute that his conviction for sale of PCP counts as a "controlled substance offense" under the career offender enhancement. See U.S.S.G. § 4B1.1(a). Instead, he apparently contends that by granting the government's request for an upward variance, the Court implicitly adopted the government's characterization in its sentencing memorandum that the sale of PCP constituted drug trafficking and that counsel should have objected to this characterization. At sentencing, counsel argued that although defendant technically may qualify as a career offender, the Court should consider that "the enhancement is unduly harsh based on the fact that one of the convictions that triggers that enhancement is a 1991 sale of a PCP cigarette, and in and of itself the case is almost 20 years old." Transcript Of Plea And Sentencing Proceedings (Doc. #37) at 48. The Court fully understood the circumstances of defendant's prior conviction as outlined in the PSR. Because the

---

[5] Defendant makes passing reference to United States v. Brooks, 751 F.3d 1204 (10th Cir. 2014) and states that the "conviction therefore has to qualify as an offense punishable for a term of one year under U.S.S.G. 4B1.2." Motion Under 28 U.S.C. § 2255 (Doc. #48) at 20. In Brooks, the Tenth Circuit held that in determining whether a prior offense qualifies as a felony under the career offender provision, "the maximum amount of prison time a particular defendant could have received controls, rather than the amount of time the worst imaginable recidivist could have received." Brooks, 751 F.3d at 1213. The Court cannot ascertain precisely how defendant contends that Brooks applies to his case. Both of defendant's qualifying convictions for purposes of the career offender enhancement under U.S.S.G. § 4B1.1 were clearly punishable by a term of imprisonment greater than one year. Defendant received a suspended sentence of 10 years in prison for the sale of PCP and 160 months for bank robbery. See PSR (Doc. #20) ¶¶ 46, 52.

precise characterization of defendant's prior conviction as "trafficking drugs" was not material to his sentence and the Court did not specifically adopt the government's characterization, counsel's failure to object was not deficient or prejudicial.

The Court overrules defendant's third claim for relief.

**IV.    Claim 4 - Failure To Object To Adequacy Of Variance Explanation**

Defendant claims that counsel should have objected to the adequacy of the Court's explanation for varying upward. Motion Under 28 U.S.C. § 2255 (Doc. #48) at 16. As explained above, the Tenth Circuit found that this Court relied on permissible considerations in imposing the variance under Section 3553. Accordingly, counsel's failure to object on this ground was not deficient or prejudicial. The Court overrules defendant's fourth claim for relief.

**V.    Claim 5 - Failure To Assert Government Breach Of Plea Agreement**

Defendant argues that at sentencing, counsel provided ineffective assistance because he did argue that the government's request for a variance constituted a breach of the plea agreement. See Motion Under 28 U.S.C. § 2255 (Doc. #48) at 21-22. Defendant apparently maintains that the government had an implicit obligation not to ask for an upward variance from the guideline range because it had agreed to request a three level decrease of the applicable offense level for acceptance of responsibility. In interpreting the terms of a plea bargain, the Court applies a two-step process: "first, the court examines the nature of the government's promise; second, the court investigates this promise based upon the defendant's reasonable understanding at the time the guilty plea was entered." United States v. Rockwell Int'l Corp., 124 F.3d 1194, 1199 (10th Cir. 1997) (citing Cunningham v. Diesslin, 92 F.3d 1054, 1059 (10th Cir. 1996)).

Defendant has not shown that counsel had any reasonable basis to assert a breach of the plea agreement. Paragraph 5 of the agreement required the government to recommend a three level

-11-

reduction for acceptance of responsibility, but the government fulfilled that obligation at sentencing. Counsel could not reasonably claim that the agreement precluded the government from asking for an upward variance, because Paragraph 3 explicitly permitted both parties to ask for a non-guideline sentence including any sentence that they deemed appropriate. Plea Agreement (Doc. #14) ¶ 3.[6] Likewise, the plea agreement permitted the government to fully disclose information about defendant's criminal history. Id., ¶ 15.[7] In light of the express terms of the agreement which permitted the government's request for an upward variance, counsel's failure to assert a breach of the plea agreement was not deficient or prejudicial. See United States v. Walling, 982 F.2d 447, 449

---

[6] Paragraph 3 stated as follows:

The parties are not requesting imposition of an advisory guideline sentence. There is no agreement between the parties as to the sentence to be imposed. The defendant is free to ask the Court to impose whatever sentence he wants. Likewise, the government is free to ask the Court to impose whatever sentence it deems appropriate. The parties understand this agreement binds the parties only and does not bind the Court.

Plea Agreement (Doc. #14) ¶ 3

[7] Paragraph 15 stated as follows:

The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

Plea Agreement (Doc. #14) ¶ 15.

(10th Cir. 1992) (government did not breach plea agreement, which prohibited motion for upward departure, by presenting evidence at sentencing in support of upward adjustment for obstruction).

The Court overrules defendant's fifth claim for relief.

## VI.    Appellate Counsel - Failure To Raise The Above Claims

Defendant argues that Ms. Wichlens provided ineffective assistance because she did not raise the above claims on appeal. For substantially the reasons stated above, the Court finds that counsel's performance on appeal was not deficient or prejudicial.

## VII.   Rule 36 Motion To Correct Clerical Error (Doc. #47)

Defendant also filed a motion to correct a "clerical error." See Motion To Correct Clerical Error (Doc. #47) filed September 15, 2014. Defendant seeks to correct "clerical errors" related to the Court's upward variance. Rule 36, Fed. R. Crim. P., authorizes the Court at any time to correct a "clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Rule 36 is narrow and applies only to uncontroversial and non-substantive clerical errors. United States v. Kieffer, 596 F. App'x 653, 660 (10th Cir. 2014), cert. denied, 135 S. Ct. 2825 (2015). Rule 36 cannot be used as a back door to evade any obstacles under 28 U.S.C. § 2255 or to make a substantive modification of defendant's sentence. See United States v. Long, 419 F. App'x 845, 848 (10th Cir. 2011) (Rule 36 cannot be used to challenge drug quantity in PSR); United States v. Johnson, 571 F.3d 716, 718 (7th Cir. 2009) (Rule 36 cannot be used as alternative to attack sentence based on non-clerical error in PSR); United States v. Simon, 36 F. App'x 415, 416 (10th Cir. 2002) (Rule 36 motions apply to clerical errors only; not proper vehicle to challenge substance of presentence report). Here, in his Rule 36 motion, defendant seeks to challenge the factual basis of the Court's upward variance and seek a substantive modification

of his sentence.[8] The Court therefore denies his motion to correct clerical error.

**VIII. Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief. In addition, defendant has not alleged specific and particularized facts which, if true, would entitle him to relief. Therefore, the Court finds that no response by the government or evidentiary hearing is required.[9] The Court also denies a certificate of appealability as to its ruling on defendant's Section 2255 motion. 28 U.S.C. § 2253(c)(2) (certificate of appealability may issue only if applicant has made substantial showing of denial of constitutional right); see Tennard v. Dretke, 542 U.S. 274, 282 (2004) (movant must demonstrate that reasonable jurists would find district court's assessment of constitutional claims debatable or wrong).

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #48) filed October 22, 2014 is **DENIED**. The Court also denies a certificate of appealability as to the ruling on defendant's Section 2255 motion.

**IT IS FURTHER ORDERED** that defendant's Motion To Correct Clerical Error (Doc. #47) filed September 15, 2014 is **DENIED**.

---

[8] The Court already has addressed these claims above in the context of defendant's Section 2255 motion.

[9] See 28 U.S.C. § 2255; United States v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004) (standard for evidentiary hearing higher than notice pleading); United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

Dated this 4th day of March, 2016.

                                          <u>s/ William P. Johnson</u>
                                          WILLIAM P. JOHNSON
                                          United States District Judge