IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 11-20040-01-WPJ |
| v. | ) | |
| | ) | CIVIL ACTION |
| STEVEN CARMICHAEL WARREN, | ) | No. 14-2536-WPJ |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On April 30, 2012, the Court sentenced defendant to 300 months in prison. The Tenth Circuit affirmed defendant's conviction and sentence. See United States v. Warren, 737 F.3d 1278, 1280 (10th Cir. 2013). On March 4, 2016, the Court overruled defendant's motion to vacate his sentence under 28 U.S.C. § 2255. See Memorandum And Order (Doc. #49). This matter is before the Court on defendant's Motion To Alter Or Amend Court's Judgment (Doc. #50) filed March 28, 2016. Having reviewed defendant's motion, the Court finds that defendant's motion should be denied.

## Legal Standards

Under Rule 59(e), Fed. R. Civ. P., a party may ask the Court to alter or amend a judgment based on (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion is not an opportunity for a party to ask the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Matosantos Commercial Corp. v. Applebee's Int'l, Inc., 245 F.3d 1203,

1209 n.2 (10th Cir. 2001); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). The Court may reconsider a prior ruling, however, if it has misapprehended the facts, a party's position or the controlling law. See Servants of Paraclete, 204 F.3d at 1012.

**Analysis**

**I.    Failure To Effectively Object To Double Counting Of Prior Convictions**

Defendant argues that the Court erred when it overruled his claim that counsel did not effectively object that the Court double counted his prior convictions (for sale of PCP and bank robbery) as qualifying convictions under the career offender enhancement and also as conduct to justify an upward variance. See Motion To Alter Or Amend Court's Judgment (Doc. #50) at 2-7; Motion Under 28 U.S.C. § 2255 (Doc. #48) at 18-21. In the order overruling defendant's Section 2255 motion, the Court stated as follows:

> [C]ounsel's argument on double counting was well within the wide range of reasonable professional assistance. See Strickland [v. Washington], 466 U.S. [668,] 689 [(1984)]. Again, even if counsel's argument was somehow deficient, defendant cannot establish prejudice. The Court articulated specific reasons for imposing an upward variance and why defendant's particular situation was different than the ordinary one under the Guidelines. On direct appeal, the Tenth Circuit found that this Court relied on permissible considerations in imposing the variance under Section 3553 and the sentence did not depend on the "other criminal conduct" outlined in the PSR. Warren, 737 F.3d at 1287. The Court therefore overrules defendant's claim that counsel provided ineffective assistance because he failed to object based on double counting of criminal conduct.

Memorandum And Order (Doc. #49) at 9-10 (footnote omitted).

In his motion to reconsider, defendant claims that the Court erroneously concluded that counsel raised the argument at sentencing despite the fact that counsel never actually used the words "double counting." Motion To Alter Or Amend Court's Judgment (Doc. #50) at 5. Even though counsel apparently did not use the specific words "double counting," the Court understood counsel's

argument as an objection to using defendant's prior convictions for sale of PCP and bank robbery both to enhance defendant's Guideline sentence and to justify an upward variance.[1] Counsel vigorously argued his position and his performance was within the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 689. The Court did not reject counsel's argument because of any misunderstanding about what counsel was saying. Instead, the Court concluded that a Guideline sentence (even with an enhancement to defendant's offense level and criminal history category based on his status as a career offender) was insufficient to satisfy the various factors under Section 3553(e). Accordingly, counsel's performance was not deficient in this regard.

Defendant also asserts that in the order on his Section 2255 motion, this Court did not distinguish between the two types of "other criminal conduct" – (1) the qualifying convictions for the career offender enhancement (sale of PCP and bank robbery) and (2) cases where defendant was charged but not convicted. Defendant correctly notes that this Court's reference that the Tenth Circuit found that his sentence did not depend on "other criminal conduct" outlined in the PSR should have been limited to the second type of "other criminal conduct," i.e. those cases that did not result in conviction. Memorandum And Order (Doc. #49) at 9-10 (citing Warren, 737 F.3d at 1287). Even with this clarification, however, the Court reaches the same ruling on defendant's claim. On direct appeal, the Tenth Circuit found that this Court relied on permissible considerations in imposing the variance under Section 3553 and did not rely on the "other [non-convicted] criminal conduct." Warren, 737 F.3d at 1287. One of those permissible considerations was defendant's prior

---

[1] Likewise, on appeal, the Tenth Circuit noted that at sentencing, defendant "urged the district court not to vary upward because it had already taken his criminal conduct into account in applying the career-offender enhancement." 737 F.3d at 1282.

convictions. See id. Defendant has not shown sufficient grounds for the Court to reconsider its rulings that counsel adequately raised the issue of double counting of prior convictions and that, in any event, counsel's performance was not prejudicial.

## II. Failure To Assert Government Breach Of Plea Agreement

Defendant argues that the Court erred when it overruled his claim that at sentencing, counsel provided ineffective assistance because he did not argue that the government's request for a variance constituted a breach of the plea agreement. See Motion To Alter Or Amend Court's Judgment (Doc. #50) at 7-9; Motion Under 28 U.S.C. § 2255 (Doc. #48) at 21-22. In the order overruling defendant's Section 2255 motion, the Court stated as follows:

> Defendant has not shown that counsel had any reasonable basis to assert a breach of the plea agreement. Paragraph 5 of the agreement required the government to recommend a three level reduction for acceptance of responsibility, but the government fulfilled that obligation at sentencing. Counsel could not reasonably claim that the agreement precluded the government from asking for an upward variance, because Paragraph 3 explicitly permitted both parties to ask for a non-guideline sentence including any sentence that they deemed appropriate. Plea Agreement (Doc. #14) ¶ 3. Likewise, the plea agreement permitted the government to fully disclose information about defendant's criminal history. Id., ¶ 15. In light of the express terms of the agreement which permitted the government's request for an upward variance, counsel's failure to assert a breach of the plea agreement was not deficient or prejudicial. See United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992) (government did not breach plea agreement, which prohibited motion for upward departure, by presenting evidence at sentencing in support of upward adjustment for obstruction).

Memorandum And Order (Doc. #49) at 11-13 (footnotes omitted).

In his motion to reconsider, defendant argues that the Court failed to adhere to standard contract law and failed to review the entire Plea Agreement. Motion To Alter Or Amend Court's Judgment (Doc. #50) at 7-9. Defendant simply disagrees with the Court's conclusion, but he has not set forth a valid basis for the Court to reconsider its ruling. Read as a whole, the Plea Agreement

gives the government wide latitude to seek "whatever sentence it deems appropriate," Plea Agreement (Doc. #14) ¶ 3, which necessarily includes the right to ask for an upward variance. Accordingly, counsel did not provide ineffective assistance by failing to argue that the government breached the plea agreement. The Court therefore overrules defendant's motion to reconsider on this claim.

**IT IS THEREFORE ORDERED** that defendant's Motion To Alter Or Amend Court's Judgment (Doc. #50) filed March 28, 2016 is **DENIED**.

Dated this 2nd day of May, 2016.

> s/ William P. Johnson
> WILLIAM P. JOHNSON
> United States District Judge