# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

_____

UNITED STATES OF AMERICA,

     Plaintiff,                                                                                CRIMINAL ACTION

v.                                                                                                No.  11-20040-01-WPJ

STEVEN CARMICHAEL WARREN,

     Defendant.

## MEMORANDUM OPINION AND ORDER

     Steven Carmichael Warren pled guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d).   On April 30, 2012, the Court sentenced defendant to 300 months in prison. This matter is before the Court on defendant's pro se Motion For Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(1) (Doc. #60) filed May 26, 2020.   Having reviewed defendant's motion and the government's opposition memorandum, the Court finds that defendant's motion should be dismissed without prejudice for lack of jurisdiction.

## BACKGROUND

     Defendant currently is in the custody of the Bureau of Prisons ("BOP") at FCI Greenville in Greenville, Illinois.   To date, no inmates or staff members at FCI Greenville have tested positive for Coronavirus Disease-19 ("COVID-19").   See BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited June 2, 2020).   Defendant asserts that he is at high risk of contracting COVID-19 and that because of poor conditions at FCI Greenville, he possibly would not survive should he contract the disease.

**DISCUSSION**

The Court may grant compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).  Before the First Step Act of 2018, Pub. Law 115-391, 132 Stat. 5194 (Dec. 21, 2018) was enacted, only the BOP could seek compassionate release.  The First Step Act modified Section 3582(c)(1)(A), however, with the intent of "increasing the use and transparency of compassionate release."  132 Stat. at 5239.  A federal prisoner now may file a motion for compassionate release after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

In defendant's motion, he has not asserted that he exhausted administrative remedies or that 30 days have passed since he submitted a request for relief to the warden at FCI Greenville. While the COVID-19 pandemic presents a potentially serious health risk to inmates, it does not create an exception to the statutory requirement that an inmate must pursue administrative remedies before filing a motion for compassionate release.  See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (despite COVID-19 pandemic, failure to exhaust administrative remedies presents "glaring roadblock" foreclosing compassionate release).  The Court therefore dismisses defendant's motion for lack of jurisdiction.  See United States v. Smith, No. 4:95-CR-00019-LPR-4, 2020 WL 2487277, at *4 (E.D. Ark. May 14, 2020) ("The Court sees no principled way to draw a distinction between the jurisdictional nature of § 3582(c)(2) and the kindred nature of § 3582(c)(1)."); United States v. Read-Forbes, No. CR 12-20099-01-KHV, 2020 WL 1888856, at *3 (D. Kan. Apr. 16, 2020) ("Based on the 'text, context, and relevant historical treatment' of

Section 3582(c), the Court treats as jurisdictional the administrative exhaustion requirement in subsection (c)(1)(A).") (quoting <u>Musacchio v. United States</u>, 136 S. Ct. 709, 717 (2016)); <u>see also</u> <u>United States v. Saldana</u>, No. 19-7057, 2020 WL 1486892, at *4 (10th Cir. Mar. 26, 2020) (district court should dismiss motion for lack of jurisdiction if movant fails to show that Section 3582(c) authorizes relief).

Liberally construed, defendant's motion also seeks relief under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. Law 116-136, 134 Stat. 281 (March 27, 2020). Before the CARES Act, the BOP could place an inmate in home confinement for the lesser of ten percent of the term of imprisonment or six months. 18 U.S.C. § 3624(c)(2). Under the CARES Act and based on the Attorney General's declaration that the COVID-19 pandemic will materially affect BOP functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2). Pub. L. 116-136, § 12003(b)(2); <u>see</u> Memorandum from Attorney General William Barr to Director of BOP, Apr. 3, 2020, at 1, https://www.justice.gov/file/1266661/download (last visited June 1, 2020) (finding pursuant to CARES Act that because of COVID-19, emergency conditions are materially affecting the functioning of the BOP). The CARES Act, however, does not authorize the Court to release an inmate on home detention or to review the BOP's decision not to do so. <u>See</u> <u>Read-Forbes</u>, 2020 WL 1888856, at *5 ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."). To the extent that defendant has not already done so, he should direct any request under the CARES Act to the BOP through his case manager.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion For Compassionate Release</u> <u>Under 18 U.S.C. § 3582(c)(1)(A)(1)</u> (Doc. #60) filed May 26, 2020 is **DISMISSED for lack of jurisdiction**.

Dated this 2nd day of June, 2020.

<u>s/ William P. Johnson</u>
WILLIAM P. JOHNSON
United States District Judge