IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STEVEN CARMICHAEL WARREN,

    Defendant.

CRIMINAL ACTION

No.  11-20040-01-WPJ

### MEMORANDUM OPINION AND ORDER

Steven Carmichael Warren pled guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d).  On April 30, 2012, the Court sentenced defendant to 300 months in prison.  On June 2, 2020, the Court dismissed defendant's pro se Motion For Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(1) (Doc. #60).  This matter is before the Court on defendant's Motion For Appointment Of Counsel (Doc. #65) and pro se Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #66), both filed March 15, 2021.  Having reviewed defendant's motions, the government's opposition and defendant's reply, the Court denies defendant's motions.

### FACTUAL AND PROCEDURAL BACKGROUND

On September 6, 2012, a grand jury returned an indictment which charged defendant with carrying a firearm during and in relation to and in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (Count 1), armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count 2), and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and (e) (Count 3).  Defendant pled guilty to Count 2.  As part of the plea agreement,

the government agreed to recommend that the Court dismiss Counts 1 and 3. Defendant's total offense level was 31, with a criminal history category VI, resulting in a range of 188 to 235 months in prison under the United States Sentencing Guidelines. See Presentence Investigation Report ("PSR") (Doc. #20) filed February 2, 2012, ¶ 93. The Court imposed an upward variance and sentenced defendant to 300 months in prison, the statutory maximum under Count 2.

Defendant seeks compassionate release based on his assertion that at his original sentencing, the Court improperly classified him as a career offender under Section 4B1.1 of the Sentencing Guidelines. In particular, defendant maintains that one of the predicate convictions, sale of phencyclidine (PCP) under Missouri law, is not a "controlled substances offense" under U.S.S.G. § 4B1.1.[1]

## DISCUSSION

### I. Motion For Appointment Of Counsel (Doc. #65)

Defendant asks the Court to appoint counsel on his Section 3582 motion. Although the Court may appoint counsel in its discretion, defendant has no constitutional or statutory right to counsel in pursuing a post-conviction motion. See Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008); Engberg v. Wyoming, 265 F.3d 1109, 1121–22 (10th Cir. 2001); see also United States v. Campos, 630 F. App'x 813, 816 (10th Cir. 2015) (right to counsel does not extend to motions under Section 3582(c)(2)); United States v. Olden, 296 F. App'x 671, 674 (10th Cir. 2008) (same).

---

[1]  In his motion, defendant cites a Missouri statute, V.A.M.S. § 195.202 (1989), which prohibited possession or control of a controlled substance. Defendant has not shown that his conviction for "sale of PCP" was under Section 195.202. See PSR ¶ 46. Defendant apparently was convicted under a separate statutory provision, V.A.M.S. § 195.211 (1989), which prohibited the distribution, delivery, manufacture or production of a controlled substance. Since defendant's conviction in 1991, both statutory provisions have been transferred and amended.

Under District of Kansas Standing Order No. 20-8, the Office of the Federal Public Defender declined to enter an appearance to represent defendant.  Likewise, the Court declines to appoint counsel.  In deciding whether to appoint counsel, the Court considers various factors "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."  Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991).  For reasons explained below, defendant's claim lacks substantive merit.  Moreover, defendant's claim is not complex and he appears able to adequately present it.  Accordingly, the Court denies defendant's motion to appoint counsel.

## II.     Motion For Compassionate Release (Doc. #66)

Defendant seeks compassionate release based on his assertion that at his original sentencing, the Court improperly classified him as a career offender under the Sentencing Guidelines.

"Generally, a federal court may not modify a term of imprisonment once imposed." United States v. Wilson, 493 F. App'x 919, 921 (10th Cir. 2012) (citing Dillon v. United States, 130 S. Ct. 2683, 2687 (2010)).  However, Congress has provided a limited exception to this rule and allowed for compassionate release for "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).  Before the First Step Act of 2018, Pub. Law 115-391, 132 Stat. 5194 (Dec. 21, 2018) was enacted, only the BOP could seek compassionate release.  The First Step Act modified Section 3582(c)(1)(A), however, with the intent of "increasing the use and transparency of compassionate release."  132 Stat. at 5239.  A federal prisoner now may file a motion for compassionate release after he "has fully exhausted all administrative rights to appeal a failure of

the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

Here, the government does not dispute that defendant has exhausted administrative remedies, so the Court evaluates whether he has satisfied the requirements for relief under Section 3582(c)(1)(A)(i).  To warrant relief under Section 3582(c)(1)(A)(i), defendant must show that (1) "extraordinary and compelling reasons" support a sentence reduction; (2) the sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the factors under 18 U.S.C. § 3553(a) warrant the sentence reduction in whole or in part under the particular circumstances of the case.  18 U.S.C. § 3582(c)(1)(A); United States v. Maumau, No. 20-4056, ___ F.3d ____, 2021 WL 1217855, at *7 (10th Cir. Apr. 1, 2021); United States v. McGee, No. 20-5047, ___ F.3d ____, 2021 WL 1168980, at *5 (10th Cir. Mar. 29, 2021).  A district court may deny a motion for a reduced sentence if defendant fails to satisfy any of the three requirements and need not address all of them.[2]  Maumau, 2021 WL 1217855, at *7 n.4; McGee, 2021 WL 1168980, at *6.  Because the Sentencing Commission has not issued an

---

[2] Maumau and McGee do not directly address whether a defendant's failure to show "extraordinary and compelling reasons" is jurisdictional.  Even so, by recognizing that a district court may "deny" a motion based on any of the three requirements without addressing the other requirements, Maumau and McGee implicitly reject prior unpublished decisions that treat the requirement of "extraordinary and compelling reasons" as jurisdictional, see United States v. Poutre, 834 F. App'x 473, 474 (10th Cir. 2021); United States v. Saldana, 807 F. App'x 816, 818, 820–21 (10th Cir. 2020), and prior published decisions that treat the requirements for relief under other provisions of Section 3582 as jurisdictional, see United States v. C.D., 848 F.3d 1286, 1291 (10th Cir. 2017); United States v. Brown, 556 F.3d 1108, 1113 (10th Cir. 2009).  Cf. United States v. Read-Forbes, No. 20-3104, 2021 WL 423160, at *2 n.1 (10th Cir. Feb. 8, 2021) (questioning whether defendant's failure to satisfy the substantive requirements of § 3582(c)(1)(A) is jurisdictional).

"applicable" policy statement for defense motions for compassionate release, the second requirement does not apply to such motions at this time. See Maumau, 2021 WL 1217855, at *12; McGee, 2021 WL 1168980, at *12. The Court therefore only addresses whether defendant has satisfied the first and third requirements for relief.

        A.        <u>Extraordinary And Compelling Reasons For Relief</u>

Based on the unique circumstances of each case, the Court has discretion to independently determine whether a defendant has shown "extraordinary and compelling reasons" that warrant release. See McGee, 2021 WL 1168980, at *6, 10; see also United States v. Carr, No. 20-1152, 2021 WL 1400705, at *4 (10th Cir. Apr. 14, 2021) (while district court has authority to determine what constitutes "extraordinary and compelling reasons," it has discretion to conclude that application notes to Section 1B1.13 still provide the best definition and description of such reasons under the circumstances of particular case). Here, defendant seeks relief based on Mathis v. United States, 136 S. Ct. 2243 (2016) as interpreted in United States v. Madkins, 866 F.3d 1136 (10th Cir. 2017), both which were decided after this Court denied his first Section 2255 motion. While defendant's challenge ordinarily should be brought as a successive motion under 28 U.S.C. § 2255, his challenge is not categorically precluded under Section 3582(c)(1)(A). See McGee, 2021 WL 1168980, at *10 (non-retroactive change in the law combined with defendant's "unique circumstances" may constitute "extraordinary and compelling reasons" for release). Section 3582(c)(1)(A) provides a "safety valve" that allows sentence reductions when another statutory provision does not afford relief but extraordinary and compelling reasons nevertheless justify a reduced sentence. Id. at *8–9. Even so, Section 3582(c)(1)(A) does not give district courts carte blanche to grant relief. Cf. Maumau, 1217855, at *13 (Tymkovich, C.J., concurring)

(district courts do not have "carte blanche" to retroactively apply in every instance the amendment to Section 924(c)'s stacking provision when Congress chose not to make the amendments retroactive; cases in which those amendments warrant a finding of extraordinary and compelling reasons should be "relatively rare").

Here, defendant has not shown that the unique circumstances of his case warrant relief. He argues that the Court improperly classified him as a career offender based in part on his 1991 Missouri conviction for sale of PCP, which he asserts no longer qualifies as a "controlled substance offense." U.S.S.G. § 4B1.1(a); see Motion For Reduction Of Sentence (Doc. #66) at 4 (citing United States v. Madkins, 866 F.3d 1136 (10th Cir. 2017) and United States v. Stumbaugh, No. 05-CR-10077-1-JTM, 2018 WL 691004, at *4 (D. Kan. Feb. 2, 2018)). Under Madkins, a "controlled substance offense" under Section 4B1.1(a) does not include state statutes that proscribe an "offer to sell" a controlled substance. Madkins, 866 F.3d at 1145; see Stumbaugh, 2018 WL 691004, at *4. Here, defendant's prior conviction was under Missouri law, V.A.M.S. § 195.211 (1989), which made it "unlawful for any person to distribute, deliver, manufacture [or] produce" a controlled substance. The Missouri statute did not prohibit an "offer to sell." Therefore, even after Madkins, defendant's conviction under V.A.M.S. § 195.211 remains a "controlled substance offense" for purposes of the career offender enhancement. See U.S.S.G. § 4B1.2(b) ("controlled substance offense" means "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or

dispense"). Defendant has not shown that any subsequent development in caselaw constitutes "extraordinary and compelling reasons" for a reduced sentence.

B.  Section 3553(a) Factors

Defendant also has not shown that the Section 3553(a) factors support a reduced sentence. Defendant accepted a generous plea agreement which included a government recommendation to dismiss the Section 924(c) charge. Significantly, as part of the plea agreement, defendant essentially had admitted to all the facts which would establish the elements of a Section 924(c) offense. See Non-Cooperation Plea Agreement (Doc. #14) filed October 27, 2011, ¶ 2 (defendant admitted that he pointed a handgun at the bank teller during the robbery). Despite a guideline range of 188 to 235 months, the Court imposed an upward variance to 300 months in prison, the statutory maximum under Count 2, the only count of conviction. The Court did so primarily because (1) the guideline range did not consider that, as part of the plea, the government agreed to dismiss the Section 924(c) charge which carried a statutory minimum sentence of 300 months, (2) the guideline range did not adequately reflect the need to protect the public from defendant, (3) defendant had spent most of his time (87 percent) over the last 29 years either facing charges or serving a sentence of some kind, (4) in 1998, defendant had committed strikingly similar conduct to the instant offense when he pointed a loaded handgun at multiple bank employees, (5) despite serving a sentence of 160 months for bank robbery, defendant committed the instant bank robbery some 12 months after he was released from custody, and (6) defendant's prior convictions provided overwhelming evidence that he was a violent person. Transcript Of Plea And Sentencing Proceedings (Doc. #37) at 59-60, 69, 71, 76, 82-84. These same factors continue to support a sentence of 300 months.

The Court recognizes that defendant apparently has made some progress toward rehabilitation, including taking several courses in prison and holding a job in a Unicor factory for several years. The balance of factors under Section 3553(a), however, weighs against a sentence reduction. In particular, a sentence reduction of some 162 months, or more than half of the original sentence of 300 months, would substantially undermine the deterrent effect of imprisonment, the need for the sentence to reflect the seriousness of defendant's offense and the need to promote respect for the law. See 18 U.S.C. § 3553(a). For these reasons and substantially the reasons stated at the original sentencing, the Court finds that the Section 3553(a) factors do not support a reduced sentence.

**IT IS THEREFORE ORDERED** that defendant's Motion For Appointment Of Counsel (Doc. #65) filed March 15, 2021 is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #66) filed March 15, 2021 is **DENIED**.

Dated this 21st day of April, 2021.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE