#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|                              ) | |
| Plaintiff,                   ) | |
|                              ) | CRIMINAL ACTION |
| v.                           ) | |
|                              ) | No. 11-20040-01-KHV |
| STEVEN CARMICHAEL WARREN,    ) | |
|                              ) | |
| Defendant.                   ) | |
|                              ) | |

#### MEMORANDUM AND ORDER

On April 30, 2012, the Honorable William P. Johnson sentenced defendant to 300 months in prison and five years of supervised release. On January 7, 2014, the Tenth Circuit affirmed. This matter is before the Court on <u>Defendant's Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) And Amendment 821 To The Federal Sentencing Guidelines</u> (Doc. #71) filed October 14, 2025. For reasons stated below, the Court dismisses defendant's motion.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. <u>See</u> 18 U.S.C. § 3582(b)–(c); <u>United States v. Blackwell</u>, 81 F.3d 945, 947 (10th Cir. 1996). Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c). Here, defendant seeks a reduced sentence under retroactive Amendment 821.

Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range

that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c).   To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements and (3) defendant must convince the district court that he is entitled to relief in light of the sentencing factors in Section 3553(a).   United States v. C.D., 848 F.3d 1286, 1289–90 (10th Cir. 2017).   Under Tenth Circuit precedent, the first hurdle is jurisdictional.  Id. at 1289; see United States v. Mata-Soto, No. 22-3012, 2022 WL 2128429, at *1 (10th Cir. June 14, 2022).

Defendant argues that he is entitled to relief under Section 3582(c)(2) because Amendment 821 to the United States Sentencing Guidelines reduced the criminal history points for defendants who commit offenses while on supervised release.  The Sentencing Commission voted to apply the amendment retroactively to offenders who are currently incarcerated.  U.S.S.G. § 1B1.10(d).  The Court originally added two criminal history points because defendant committed the instant offense while he was serving a term of supervised release.  See Presentence Investigation Report (Doc. #20) filed February 2, 2012, ¶ 54; U.S.S.G. § 4A1.1(d) (Nov. 1, 2016 ed.).  Amendment 821 reduces defendant's criminal history points from 11 to 10.  See U.S.S.G. § 4A1.1(e) (Nov. 1, 2025 ed.) (adding one criminal history point for offenses committed while on supervised release if defendant otherwise has at least seven criminal history points).  Even so, the Court did not calculate defendant's criminal history based on the number of criminal history points. Instead, the Court classified defendant as a career offender under Section 4B1.1 of the Sentencing Guidelines, so his criminal history category was VI.  See Presentence Investigation Report (Doc.

#20), ¶ 55; U.S.S.G. § 4B1.1(b) (Nov. 1, 2025 ed.) (career offender's criminal history category in every case under this subsection shall be category VI).  Amendment 821 therefore did not lower defendant's guideline range.  Accordingly, the Court dismisses defendant's motion to reduce sentence.

**IT IS THEREFORE ORDERED** that Defendant's Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) And Amendment 821 To The Federal Sentencing Guidelines (Doc. #71) filed October 14, 2025 is **DISMISSED**.

Dated this 9th day of December, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
